**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION**

| | |
|---|---|
| DEVONN ARIAS LEE,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX FREIGHT, INC., ABC TRUCKING CONTRACTOR AND/OR, ABC TRUCKING SUBCONTRATOR, AND JOHN OR JANE DOE DRIVER,<br><br>DEFENDANTS. | Case No. ________________ |

## COMPLAINT

Comes now, Devonn Arias Lee, ("Plaintiff") in the above-styled action, by and through undersigned counsel, and files this Complaint, showing the court as follows:

## I. INTRODUCTION

1.

This is an action arising out of a June 16, 2022 wreck that occurred when a

tractor-trailer truck pulling a "double trailer" with a "FedEx" insignia driven by Defendant John or Jane Doe truck driver, under the ownership and/or control of FedEx Corporation, FedEx Ground Package System, Inc., FedEx Freight Inc, ABC Truck Contractor, and/or ABC Trucking Subcontractor, referred to hereinafter collectively as ("Defendants") forced the Plaintiff, Devonn Arias Lee, off the roadway resulting in a rollover crash and causing catastrophic injuries to the Plaintiff.

2.

On June 16, 2022, approximately 11:33 P.M., Devonn Arias Lee was traveling Westbound on State Route 46 in Bulloch County, Georgia, returning home after running to the store for his Grandmother.

3.

At the same time, Defendants' tractor-trailer truck, hauling a double trailer, was traveling Eastbound on State Route 46 (referred to hereinafter as the "FedEx Truck").

4.

As the Plaintiff was approaching a curve in the road, he observed the FedEx Truck coming around the corner traveling eastbound but, over the center line and in a portion of the westbound lane.

5.

Plaintiff was forced to take immediate evasive maneuvers to avoid a head on collision with the FedEx Truck in the westbound lane, leaving the roadway, whereafter Plaintiff's vehicle struck a sign, ultimately resulting in a catastrophic rollover.

6.

The Fedex Truck continued driving eastbound and did not stop and/or return to the scene of the accident.

7.

Plaintiff's OnStar's system contacted 911, and they dispatched units and an ambulance. Plaintiff was trapped in his vehicle and unable to move as he was paralyzed from the waist down as a result of the crash. The Plaintiff was, however responsive, and stated that the truck ran him off of the road.

8.

According to the Georgia Motor Vehicle Crash Report, Plaintiff's vehicle ultimately came to a stop at latitude 32.2838596481574 and longitude -81.7376438862236 in Bulloch County, Georgia.

9.

As a result of the crash, Plaintiff sustained critical injuries, including an initial total paralysis below the waist.

## II. PARTIES AND SERVICE OF PROCESS

10.

The Plaintiff is a resident of Bulloch County.

11.

At all times pertinent to, Defendant FedEx Ground Package System, Inc. is a foreign corporation licensed to do business in the State of Georgia with its principal office address located at 1000 FedEx Drive, Moon Township, Pennsylvania, 15108-9373. FedEx Ground Packaging System, Inc. may be served through its registered agent, The Corporation Company, at 106 Colony Park Dr., Suite 800-B, Cumming, Georgia, 30040-2764, in Forsyth County.

12.

FedEx Corporation is a foreign corporation licensed to do business in the State of Georgia with its principal office address located at 942 South Shady Grove Road, Memphis, Tennessee, 38120. FedEx Corporation can be served through its registered agent, The Corporation Company, at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia, 30040-2794, in Forsyth County.

13.

FedEx Freight, Inc. is a foreign corporation licensed to do business in the State of Georgia. The principal office address is located at 8285 Tournament Dr., Building C, Memphis, Tennessee, 38125. FedEx Freight, Inc. may be served through its

registered agent, The Corporation Company, at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia, in Forsyth, County.

14.

Upon information and belief, ABC Trucking Contractor may have had possession and/or control of the truck that was hauling the double FedEx trailer. Because the FedEx truck left the scene of the accident, the exact identity, if any, of the ABC Trucking Contractor is unknown to the Plaintiff. Plaintiff will supplement an amended complaint applicable to ABC Trucking Contractor after obtaining the necessary identification and service information through discovery.

15.

Upon information or belief, ABC Subcontractor Trucking Contractor may have had possession and/or control of the truck that was hauling the double FedEx trailer. Because the FedEx truck left the scene of the accident, the exact identity, if any, of the ABC Trucking Subcontractor is unknown to the Plaintiff. Plaintiff will supplement an amended complaint applicable to ABC Tucking Subcontractor after obtaining the necessary discovery identification and service information through discovery.

16.

Upon information or belief, John and/or Jane Doe may have had possession and/or control of the truck that was hauling the double FedEx trailer. Because the

FedEx truck left the scene of the accident, the exact identity of John and/or Jane Doe are unknown to the Plaintiff. Plaintiff will supplement an amended complaint applicable to John and/or Jane Doe after obtaining the necessary identification and service information through discovery.

## III. JURISDICTION AND VENUE

17.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy as to Plaintiff's injuries exceeds the sum of $75,000 and the Plaintiff and Defendants are citizens of different States for the purpose of establishing diversity jurisdiction.

18.

Venue is appropriate in the Northern District of Georgia, Atlanta Division, because a substantial part of the events giving rise to Plaintiff's claims against the Defendants occurred the state of Georgia, and the Registered Agents for the Fed Ex Defendants are located in Forsyth, County, which is within the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1391(c)(2) .

## IV. FACTS

19.

The Defendant FedEx Driver failed to maintain his lane and the Plaintiff was

forced off the road. The Plaintiff traveled onto the north shoulder of the road for approximately 9 feet before striking a sign, after which the Plaintiff completely lost control of the vehicle which continued to travel approximately 5 feet north of the fog line while rotating clockwise for approximately 97 feet before overturning. After overturning, the vehicle continued to overturn for approximately 50 feet before coming to an uncontrolled rest on the north shoulder and on the driver's side.

20.

Plaintiff's OnStar's system contacted 911, and the 911 operator dispatched units and an ambulance. Plaintiff was trapped in his vehicle and unable to move as he was paralyzed from the waist down as a result of the crash. The Plaintiff was, however responsive and stated that the FedEx truck was traveling in his lane requiring him to leave the roadway to avoid a head on collision.

21.

At the time of the accident, Plaintiff was traveling at the posted speed limit and was not under the influence of any alcohol and/or drugs.

22.

Plaintiff had no choice but to take evasive actions and leave the roadway to avoid a head on collision with the FedEx truck that was traveling eastbound in Plaintiff's westbound lane on State Route 46. Plaintiff suffered catastrophic injuries, including paralysis below the waist, as a result of the accident, and continues to

suffer significant injuries despite miraculous improvement as a result of extensive treatment at the Shepherd Center in Atlanta, Georgia.

23.

Upon information or belief, the Fed Ex Truck that ran the Plaintiff off the road and caused the accident was traveling from one of the following facilities:

a. FedEx Ground, 3400 Zell Miller Parkway, Statesboro, GA 30458; or

b. FedEx Express & Ground, 1675 Akin Anderson Rd S, Register, GA 30452.

**FIRST CAUSE OF ACTION**

(BREACH)

24.

Plaintiff hereby incorporates the allegations set forth in paragraphs 1-23 of this Complaint as if fully set forth herein.

25.

Defendants had a duty to operate the FedEx vehicle in a safe and prudent manner so as not to endanger the lives and welfare of the traveling public, including but not limited to Plaintiff.

26.

This duty included keeping a proper lookout, paying attention, and

maintaining its lane of travel and operating the FedEx vehicle in a reasonable and prudent manner in accordance with the condition of the roadway, weather, lighting and all traffic laws and regulations.

27.

Defendants breached those duties and are liable for tortious acts and omissions causing the accident, which include, but are not limited to, the following:

a) Failure to maintain lane in violation of O.C.G.A. § 40- 6-48;

b) Driving with reckless disregard;

c) Too fast for conditions; and

d) Driving while inattentive and distracted.

**NEGLIGENCE**

28.

Plaintiff hereby incorporates the allegations set forth in paragraphs 1-27 of this Complaint as if fully set forth herein.

29.

At the time of the accident, the driver of the Fed Ex Truck was operating the vehicle within the scope of his or her employment and/or agency of the Fed Ex Defendants, and, therefore, the Defendants are vicariously liable for the negligence of the driver of the Fed Ex truck. As a direct and proximate result of Defendants'

negligence and/or the negligence of Defendants' employee and/or agent, Plaintiff suffered the losses and injuries noted herein.

**DAMAGES AND PRAYERS FOR RELIEF**

30.

Plaintiff seeks all damages allowed by Georgia law, including all special damages proven at trial, as well as conscious pain and suffering as determined by the enlightened consciousness of an impartial jury.

31.

The damage claimed by the Plaintiff were proximately caused by the tortious acts and admissions of the Defendants and/or Defendants' employee and/or agent.

32.

WHEREFORE, Plaintiff prays for the following relief:

a. That summons issue and service be perfected upon the Defendants, requiring Defendants to appear before this Court and Answer this Complaint in compliance with applicable law;

b. That Plaintiff recover all elements of compensatory damages, general and special, allowed by law, from the Defendants, in an amount to be determined by the enlightened conscience of an impartial jury based upon the evidence presented at trial;

c. That Plaintiff have a trial by jury; and

d. That Plaintiff receive such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 13th day of June 2024.

Clay, Taulbee, & Myers LLC

/s/ Wesley C. Taulbee__
Wesley C. Taulbee
Georgia Bar No: 368972
Charles L. Clay, Jr.
Georgia Bar No: 129505
James P. Myers
Georgia Bar No: 440772

Clay, Taulbee & Myers, LLC
201 S. Main St. Suite C
Statesboro, GA 30458
Wes@ctmjustice.com
**Attorney for Plaintiffs**